IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ) <br> JUSTIN FAHN, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GARDAWORLD FEDERAL SERVICES, ) <br> LLC, and AEGIS DEFENSE SERVICES, ) <br> LLC ) <br> ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO. 5:20-CV-128 (MTT) |

## ORDER

Defendants GardaWorld Federal Services, LLC, and Aegis Defense Services, LLC, move to transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).[1] Doc. 24. Relator Justin Fahn opposes the motion. Doc. 29. For the following reasons, defendants' motion to transfer is **DENIED**.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "[T]he purpose of the section is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The Eleventh Circuit has

---

[1] Section 1404(a) provides: "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

established nine factors to balance when determining if transfer is proper: "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). "The moving party bears the burden of showing that transfer is appropriate in light of the aforementioned factors." *Martin v. South Carolina Bank*, 811 F.Supp. 679, 685 (M.D. Ga. 1992) (citation omitted). "[T]o satisfy this burden, the movant must do more than show that the transfer would merely shift convenience from one party to the other or that the balance of all factors is but slightly in their favor." *Knapik v. U.S.*, No. 5:19-cv-185-TES, 2020 WL 7775429 at 5 (M.D. Ga. Dec. 30, 2020) (citation omitted).

It is undisputed that this action could have been brought in the Eastern District of Virginia. However, the parties disagree as to whether the public and private factors identified in *Manuel v. Convergys Corp.* support transfer. *Id.* Defendants argue that the Eastern District of Virginia is more appropriate for the following reasons: (1) the convenience of witnesses residing in Virginia, (2) the ease of access to relevant documents located in Virginia, (3) the convenience of the defendants and defendants' counsel residing in Virginia, (4) the locus of operative facts, as the alleged false claims for payment originated in the defendants' Virginian headquarters, (5) the lesser deference the defendants' argue the relator's choice of forum is entitled to in *qui tam*

action, and (6) trial efficiency due to the Eastern District of Virginia's reputation for reaching trial quickly.  Doc. 24-1 at 10-18.  Both parties agree that the remaining factors are neutral as to the potential transfer.  Docs. 24-1 at 18; 29-1 at 14.

However, Fahn argues that most of the relevant public and private factors identified by the defendants do not support transfer.  The Court agrees.  First, the transfer would not be more convenient to all witnesses, or potentially, even most witnesses.  Some of the witnesses identified as critical to the case by both parties already oversee the training which takes place in the Middle District as part of their work duties; Fahn identifies other likely witnesses as workers at the Guardian Centers training facility in Perry.  Doc. 29-1 at 7, 11-12.  Next, the location of documents in Virginia is not a significant factor, as the documents can be produced electronically, and defendants only claim that "some of [the relevant documents] have not yet been converted to electronic format."  Doc. 24-1 at 14.  Despite the defendants' assessment of the locus of operative facts, Fahn centers most of the events relevant to his claims within the Middle District, at Gardaworld's Guardian Centers.  Doc. 29-1 at 9-10.  Although the level of deference given to *qui tam* relators' choice of forum is disputed,[2] a plaintiff's choice of forum is still a relevant factor.  Finally, the defendants' concerns about trial efficiency can be accommodated in the Middle District.

The Court will place the case on an accelerated schedule, with trial scheduled in one year's time.  Accordingly, the defendants' motion is **DENIED.**.

---

[2] The defendants identify several district court decisions which give little deference to *qui tam* relators' choice of forum.  *E.g. United States ex rel. Harris v. Coleman Am. Moving Servs.*, 2015 U.S. Dist. LEXIS 124148, at 6-7 (M.D. Ala. Sept. 17, 2015) ("it follows from the United States' status as the real party of interest that the deference traditionally given to a plaintiff's choice of forum is lessened in a *qui tam* action").  The Eleventh Circuit has not provided guidance on this issue.

**SO ORDERED**, this 3rd day of February, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
