UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.,* JUSTIN FAHN,<br><br>　　Plaintiffs,<br>v.<br>GARDAWORLD FEDERAL SERVICES, LLC, and AEGIS DEFENSE SERVICES, LLC,<br><br>　　Defendants. | **FILED UNDER SEAL**<br>Case No. 5:20-cv-128-MTT |

**STATUS REPORT OF THE UNITED STATES OF AMERICA CONCERNING REVIEW OF RESTRICTED DOCUMENTS TOGETHER WITH TIMELINE OF EXPECTED COMPLETION OF REVIEW**

Pursuant to the Court's Order of February 8, 2024, the United States provides the following summary of the steps it has taken to review materials filed by the parties in this matter, denoting those materials that have yet to be reviewed and providing an expected timeline for completing its review. In the course of its review of materials, the Government has relied upon and applied the definition of "Confidential Information" as articulated in the Protective Order. (ECF No. 59). The Government requests that, going forward, the parties make their best efforts to proactively utilize this definition to apply necessary redactions to publicly available documents.

I.　**Preliminary Review of Materials**

As noted during the telephonic hearing on February 5, 2024, the Government first received access to the exhibits attached to Defendants' Motion for Summary Judgment on January 25, 2025. On February 2, 2024, the Government conveyed to Defendants its views on what information needed to be redacted from public viewing, setting forth 5 categories of

1

information that the Government has determined should be restricted from public view. These categories include:

1. Department of State employee contact information;
2. References to operational decisions and details of personnel providing security;
3. Weekly Field Reports;
4. Materials containing maps or diagrams of facilities;
5. Documents produced by Department of State in response to *Touhy* requests that contained proposed redactions; the Government has asked that these redactions be applied to publicly available versions of these documents.

Attached to this February 2, 2024, communication were examples of the types of redactions requested with respect to these categories of information. Moreover, the Government undertook to review all the materials with respect to category number 2, above, in recognition of the fact that the Government is in the best position to determine which operational details are considered sensitive. The above articulated principles apply to all documents that were attached as exhibits to the summary judgment briefing, except for depositions and declarations. Moreover, on February 2, 2024, the Government expressed these views to Relator's counsel so that they could apply the same redactions when making their filings.

      As noted by the Government during the February 6, 2024, hearing, declarations were treated differently because these documents were submitted to Department of State pursuant to *Touhy* requests for authorization. Those declarations were submitted by Defendants on January 24, 2024, and Department of State provided responses and authorization of these declarations on February 9, 2024, as discussed *infra*. The depositions attached as exhibits to the parties' filings require review by the Government, as contemplated in the Deposition Protocol entered into by the parties in this case. The review of all depositions is not yet complete, but a status update timeline for completion is provided below.

**II.    Status of Review of Defendants' Exhibits to Motion for Summary Judgment**

*A. Declarations*

On February 9, 2024, Department of State responded to Defendants' *Touhy* request concerning the 16 declarations attached as exhibits to their motion for summary judgment. (Exs.1, 2, 10, 34, 49, 51, 52, 53, 54, 55, 56, 61, 62, 72, 218, and 220). In that response, Department of State authorized the declarations as written, provided that certain information was redacted from public view. The specific paragraphs and language that Department of State restricted from public view was articulated on a declaration-by-declaration basis and affected the following declarations: Exs. 1, 34, 53, 55, 56, 61, and 72.

*B. Depositions*

As of the time of this filing, the Government has reviewed 15 of the 24 depositions filed by Defendants in this matter. The Government has provided feedback to Defendants concerning those depositions, noting that specifically identified sections of the depositions of certain individuals will require redactions from public viewing. The depositions affected are Exs. 5, 8, 12, 13, 14, 15, 16, 17, 29, and 45. The portions of these depositions that need to be redacted from public view were identified by page and line number on February 16, 2024, in a communication to all parties.

The remaining 9 depositions will be reviewed and necessary redactions of those depositions will be provided to Defendants no later than February 23, 2024.

*C. Other Exhibits*

All other numbered exhibits to Defendants' motion for summary judgment have been reviewed. As noted in Part I, *supra*, Defendants have been directed to make the redactions articulated for categories 1 and 3-5, and the Government provided examples of those redactions

on February 2, 2024. On the same date, the Government provided recommended redactions to a series of documents containing operational details that should be restricted from public view. On February 9, 2024, the Government completed its review of all other non-declaration and non-deposition exhibits, providing copies of those documents to Defendants with the requested redactions highlighted.

### III. Status of Review of Relator's Exhibits to Response to Motion for Summary Judgment

#### A. *Depositions*

Relator cites to depositions attached as exhibits to Defendants' motion for summary judgment and also attaches 3 depositions to his response. (Exs. 3, 4 and 63). The Government has not yet reviewed these 3 transcripts. However, on February 16, 2024, the Government advised Relator of the redactions required in the transcripts Defendants attached to their filing, with the expectation that Relator can apply these redactions to any quotation, citation, or reproduction of these transcripts contained in his own filings. Nonetheless, the Government expects to complete its review of these additional depositions by February 23, 2024.

#### B. *Other Exhibits*

On February 2, 2024, the Government received from Relator an expected exhibit list and the corresponding documents. At that time, there were 94 contemplated exhibits, and the Government reviewed these materials and found no operational details that needed to be redacted. In the course of preparing this status report, the Government notes that Relator also filed on February 7, 2024, Exhibits 95, 96 and 97, which were exhibits to various deposition transcripts. Upon discovery, the Government advised Relator to review those materials and apply the appropriate redactions that fall within items 1 and 3-5 listed in Part I, *supra.* The Government

intends to conduct a review of these new exhibits for operational information that may need to be be restricted and expects that review to be completed by February 23, 2024.

IV. **Status of Review of Defendants' Exhibits to Reply to Motion for Summary Judgment**

The Government has not yet begun to review Defendants' reply brief and the exhibits attached thereto. A preliminary review shows 3 declarations, two of which appear to be new and one of which appears to have been provided by Relator to Defendants. It is not clear to the Government whether and to what extent these new declarationjs have been authorized under *Touhy,* and the Government is unaware of any currently pending *Touhy* request related to these declarations. Additionally, there appear to be two charts summarizing deposition testimony and sign-in sheets, consisting of approximately 200 pages of information. At this time, it is difficult for the Government to provide a timeline on a fulsome review of these materials and completion of any authorization that is needed under *Touhy*. The Government intends to provide its views and any proposed redactions by February 27, 2024. If, upon further examination of these most recent materials, the Government is unable to meet this deadline the Government will advise the Court no later than February 26, 2024.

V. **Status of Reviews Related to Motion to Strike**

The Government initially reviewed the documents associated with Defendants' motion to strike at or around the time of their filing and found no issues with the materials attached thereto. However, Relator has identified some of the materials he filed in response as restricted. Accordingly, the Government undertook a fresh review of these materials on February 16, 2024, to ensure that its review of this filing is consistent with its approach concerning the filings related to the motion for summary judgment. As a result, the Government has advised the parties that the following documents need to remain restricted until the Government can complete its review:

5

Defendants' Motion Exhibits B and H-N, Relator's Response Exhibits 6 and 21, and all of Defendants' Reply Exhibits. The Government intends to complete its review of the materials related to the motion to strike no later than February 23, 2024.

## VI. Summary of Government Review and Status of Documents

For the convenience of the Court and the parties, the following table sets forth the materials that have been reviewed by the Government, the materials for which the Government has requested redactions, and those documents that should remain restricted until the Government completes its review.

| Filing | Exs. cleared | Exs. cleared with redaction from DoS | Exs to remain restricted | Deadline for Government to review still restricted record |
|---|---|---|---|---|
| **ECF 122: Def. MSJ** | 1, 3-4, 6-7, 9-11, 27-28, 30-31, 33, 35-37, 41-44, 46-52, 54, 57-60, 62-71, 73-75, 77-93, 94-95, 97-102, 104-113, 118, 120-137, 139-165, 169-171, 176-179, 182-219, 222-225 | 2, 5, 8, 12-17, 29, 34, 38-40, 45, 53, 55-56, 61, 72, 76, 93, 96, 103, 114-117, 119, 138, 168, 172-175, 180-181, 220-221, | 18-25, 32, 166 | February 23, 2024 |
| **ECF 125-131: Rel. Resp. MSJ** | 1, 5-12, 14-15, 16-34, 38, 41, 46, 49, 54-57, 59-62, 64-82, 84-94 | 13, 35, 36, 39, 40, 42, 53, 58, 83, | 2-4, 37, 43-45, 47-48, 50-52, 63, 95-97 | February 23, 2023 |
| **ECF138: Def Reply MSJ** | None | None | All Exhibits | February 27, 2024 |
| **ECF 121: Def. M. Strike** | A, C, D-G, P | O (which is also Def. MSJ Ex. 55), Q (which is also Def. MSJ Ex. 45) | B, H-N | February 23, 2024 |
| **ECF 124: Rel Resp. M. Str.** | 1-5, 7-10, 12-20 | 11 | 21, 6 | February 23, 2024 |
| **ECF 137: Def Reply M. Str.** | None | None | All Exhibits | February 23, 2024 |

Respectfully submitted this 16th day of February, 2024.

        PETER D. LEARY
        UNITED STATES ATTORNEY

BY:   *s/ Todd P. Swanson*
       Todd P. Swanson
       Assistant United States Attorney
       Georgia Bar No. 496989
       W. Taylor McNeill
       Georgia Bar No. 239540
       United States Attorney's Office
       Middle District of Georgia
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone: (478) 752-3511
       Email: todd.swanson@usdoj.gov

       *ATTORNEYS FOR THE*
       *UNITED STATES OF AMERICA*