UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
475 MULBERRY STREET
P. O. BOX 65
MACON, GEORGIA 31202-0065

CHAMBERS OF
MARC T. TREADWELL
CHIEF JUDGE

TELEPHONE: 478-752-3500

March 28, 2024

**VIA CM/ECF**

| Bradley Pratt<br>Attorney at Law | Richard Sizemore<br>Attorney at Law | Zachary Williams<br>Attorney at Law |
|---|---|---|
| Frank Bayuk<br>Attorney at Law | Charles W. Byrd<br>Attorney at Law | Charles D.Oria<br>Attorney at Law |
| Jason Pedigo<br>Attorney at Law | Scott Lerner<br>Attorney at Law | Helen Akcam<br>Attorney at Law |
| Charles Byrd<br>Attorney at Law | Benedict Bernstein<br>Attorney at Law | Thomas McElhinney<br>Attorney at Law |
| Chris Clark<br>Attorney at Law | Tara Lee<br>Attorney at Law | Zachary Williams<br>Attorney at Law |
| John T. Clarkson<br>Attorney at Law | Susan Grace<br>Attorney at Law | Mellisa Taylor-Moore<br>Attorney at Law |

  Re: **Fahn v. Gardaworld Federal Services, LLC, et al.**
     **Civil Action No. 5:20-cv-128 (MTT)**

Dear Counsel:

  I will be entering an order denying the defendants' motion for summary judgment on the annual refresher training ("ART") claim and granting the defendants' motion on the pre-deployment training ("PDT") claim.

  The witnesses cited in support of relator's ART claim testify to the widespread practice of falsifying sign-in-sheets to demonstrate compliance with the WPS II contract. *See, e.g.*, Doc. 149 ¶ 115.  As discussed during the March 20, 2024 hearing, this testimony and ART training records demonstrate an issue of fact regarding materiality. Relator has also proffered evidence to support the other elements of his FCA claim, including scienter.  *See, e.g.*, Docs. 122-27 at 200:6-22; 128-88.  Bryan Phillip Bailey's November 9, 2020 email, to take but one of many examples, would have provided a compelling counter-PowerPoint to the defendants' helpful PowerPoint.

Fahn v. Gardaworld Federal Services, LLC, et al.
5:20-cv-128 (MTT)
Page 2

> This has to stop!  We are going to get screwed on this and have another ordeal like Perry and ALL that training is going to be thrown out.  We've all been doing this long enough and know that when one stone is over turned and then something is seen not right or up to par then ALL the stones get turned and they start digging.  Now, we aren't in the best of graces with DoS as it is.  Why do we keep shooting ourselves in the foot? I get it, trying to make it happen.  I get it not all classes take the prescribed time they're stated to have.  And yes, most of these guys have had these same classes over and over for the past 2-5 years.
>
> The issue remains the same.  If they could retain the information we wouldn't have a job.  And we all don't even remember it all and we teach it on a regular basis.  This absurd amount of hours in one day is bullshit.  That's exactly what it is.  And it needs to stop.  We report these numbers to DC.  If someone catches it and then says "hey that doesn't add up" what do you think is next to happen.  A phone call to the GTMs or RSO and they go through our records.  They have access and don't even have to tel [sic] us they are.  Just happened to K9.

Doc. 128-88.

     I was mildly surprised when the relator announced he had not abandoned his PDT claim.  The evidence and argument supporting that claim was thin and becomes thinner on close examination.  For example, of the twenty witnesses cited in SOF 57, only four testify that GardaWorld failed to provide all required PDT courses.  Doc. 149 ¶ 57.  Furthermore, while relator has provided summaries of GardaWorld's sign-in-sheets and annual training trackers to support his claim that GardaWorld failed to provide all required ART, relator has not provided a similar summary in support of his PDT claim.  Finally, the PDT claim is based on fallout from the Perry "ordeal" and, as we know, DoS discovered that misconduct and responded aggressively.  That a few might not have received retraining does not a new claim make.  *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 194 (2016) ("Materiality, in addition, cannot be found where noncompliance is minor or insubstantial.").

     I will not find the FCA unconstitutional.

     What is the status of the defendant's broad stipulation that Aegis Defense Services LLC is solely responsible for the conduct at issue; that GardaWorld Defense Services LLC had no involvement in that conduct; and that Aegis Defense Services LLC will not argue, suggest, or imply otherwise at trial?

     The case remains on the July term of Court.  We will docket an order for pretrial submissions.

Fahn v. Gardaworld Federal Services, LLC, et al.
5:20-cv-128 (MTT)
Page 3

    With best regards.

                                      Sincerely,

                                      s/Marc T. Treadwell
                                    Marc T. Treadwell

MTT:kat