IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. JUSTIN FAHN,**<br>　　　　**Plaintiffs,**<br>vs.<br>**AEGIS DEFENSE SERVICES, LLC,**<br>　　　　**Defendant.** | **CIVIL ACTION FILE NO.**<br>**5:20-CV-00128-MTT** |

### RELATOR'S RESPONSE TO MOTION IN LIMINE NO. 4

Defendant filed "Motion in Limine #4" that is, in actuality, nine motions in limine. Throughout discovery in this matter, Defendant has engaged in conduct inconsistent with practice of law in the district. Defendant's motion is nothing more than an attempt to distract the parties and the Court from the real issues in this case by forcing even more briefing on non-issues. In the interests of brevity, Relator responds as follows:

**I.** **Counsel's Prior Military Experience**: Relator does not intend to reference "life experience not in evidence in order to arouse the jury's sympathy," "place their own integrity…on the scales," or other conduct contrary to the rules of evidence. Lead counsel for Relator is an experienced trial attorney and intends to conduct this trial as he has countless other trials in which he has obtained verdicts. Relator expects Defendant's counsel will similarly refrain from the improper conduct that led to numerous warnings during depositions about the tone and substance of counsel's interaction with witnesses

and Relator has full confidence the Court will administer a fair trial. *See, e.g.*, D. Juanchi Dep. Tr. (Doc. 147-8) at 45:23-46:16.[1]

II. **"Alienation of GardaWorld's Counsel"**: Relator does not intend to "alienate GardaWorld's counsel" at trial—whatever that is intended to mean. GardaWorld's counsel's conduct speaks for itself and the jury can draw its own conclusions. Citing an email sent to the Court, GardaWorld ignores the fact that its counsel has "consistently" sought to impugn the character of Relator's counsel (including in the same attached email) through meritless ethical attacks and then proceeded to engage in the exact same conduct GardaWorld attacked Relator's counsel for doing (including, but not limited to, communicating with witnesses whose interests may very well be inconsistent with GardaWorld and violating *Touhy*). *See* Doc. 172-2 at 5-8. Relator is confident that the Court can govern the conduct of both lawyers appropriately.

III. **Relationship with the Court**: As noted, counsel for relator has been forced to have numerous discussions with GardaWorld's counsel about abusive and inappropriate conduct. Part of those discussions involved frank warnings about the high expectations for lawyers admitted (*pro hac* or otherwise) in the Middle District of Georgia. To the extent those conversations are considered "inappropriate," Relator simply disagrees with that

---

[1] Q  Did it ever occur to you, since you just testified that you believed you were violating federal law, that you should have your own lawyer?  A  I don't know if I should or not.  Q  Did you -  MR. CLARK: Hang on one minute, Scott. Let me put on the record here, you're getting very, very close -- you can -- let me speak, and then you can speak.  You can put whatever you want on this record, okay? So you're getting very, very, very close -- in fact, I would say over the line -- on intimidation of the witness pursuant to the United States District Court opinion in the Middle District that the Court shared with all counsel. So I'm -- it is my position that these questions you're putting to this witness are intimidation questions.").

assertion but does not see how it will be relevant at trial with the Court's ability to see and hear GardaWorld's conduct firsthand and take action, as appropriate.

Defendant cites no testimony in front of a witness. As to GardaWorld's representations about what was said, counsel for Defendant and Relator have discussed both their longstanding experience in this Court, expectations for trial practice, personal lives, the weather, and a host of other matters.[2] Any insinuation that either Relator's counsel or local counsel for the Defendant sought to inappropriately comment on their experience in the Middle District is without merit. That said, this issue is also moot as it relates to trial as no such statements will be made during trial and the Court can handle any issues that arise.

IV. **Identification of Counsel's Roles**: Relator is confident the Court can appropriately educate the jury on the roles of the various counsel.

V. **References to Non-US Personnel**: GardaWorld used varying terms and abbreviations, including third-country national and local nationals, and Relator's counsel was clearly trying to understand the various terms of art. *See* A. Niutei Dep. Tr. (147-7) at 179:14-180:20.[3] This will not be an issue at trial and the Court can handle any issues, if necessary, during the trial.

---

[2] At least five attorneys have a pre-existing relationship (two representing Defendant and three representing Relator) and spoke about a number of personal topics unrelated to the case at various times. That GardaWorld is apparently trying to weaponize off-the-records conversations is an unfortunate commentary on themselves, not on counsel for both sides who have conducted themselves as attorneys of this Court are expected to do.

[3] MR. BYRD: What's a third country then? Help me with that. What is a third country? MR. LERNER: Nepal. MR. BYRD: Nepal. All these Gurkhas and these other people come from Nepal? MR. LERNER: The Gurkhas come from Nepal. MR. BYRD: How about these other people he described? MR. LERNER: The local nationals come from Afghanistan. MR. BYRD: Okay. So the local country nationals you say all come from Afghanistan? MR. LERNER: The LNs come from Afghanistan. MR. BYRD: Are they LCNs? MR. LERNER: They are not LCNs.

**VI.** **<u>Appealing to Juror's Pecuniary Interests</u>**: Relator does not intend to improperly appeal to pecuniary interests. Relator should be permitted to elicit testimony as to the nature of contracting with the United States and the financial considerations of doing business with the government. *See*, *e.g.*, *United States v. An Easement & Right-of-Way Over 4.42 Acres of Land, More or Less, in Whitfield Cnty., Georgia*, No. 4:16-CV-0314-HLM, 2018 WL 8131100, at *3 (N.D. Ga. Sept. 11, 2018) ("The Court grants this portion of Defendant's Motion in Limine to the extent that Defendant seeks to preclude evidence or argument suggesting that any judgment in this case would be paid from public funds. The Court, however, denies the Motion to the extent that it seeks to preclude evidence or argument concerning the public nature of TVA."). The overly broad motion should be best addressed if any issues arise at trial.

**VII.** **<u>Church Attendance</u>**: Relator does not intend to improperly influence the jury through references to religion or attending church; however, the overly broad motion should be best addressed if any issues arise at trial.

**VIII.** **<u>My Lai Massacre</u>**: Early in the deposition conducted in Columbus, Georgia, defense counsel asked the witness the following question:

> Q   If your shift leader had instructed you to shoot into a group of innocent civilians in Afghanistan, would you have viewed that as legal?
> A   No.  It would be illegal.[4]

Relator's counsel specifically objected to this line of questioning. *See* P. Vinzant, Dep. Tr. (147-28) at 58:3-8. Because defense counsel persisted, Relator's counsel then

---

They are TCNs.  There is LNs.  MR. BYRD:  Okay.  Local national.       MR. LERNER:  Local national.  MR. BYRD:  TCNs are -       MR. LERNER:  Third country nationals.  They come from Nepal and they are called Gurkhas."
[4] P. Vinzant, Dep. Tr. (147-28) at 56:10-14.

followed up on that specific question—referencing a terrible incident in Vietnam involving exactly the factual scenario injected by GardaWorld. Relator does not intend to raise this issue as that was solely in response to GardaWorld's questions. As with GardaWorld's other overly broad motions, any issues should be addressed if any arise at trial.

IX. **Rule 901**: Relator intends to comply with all the Federal Rules of Evidence, including Rules 702 and 901. GardaWorld cites testimony where Relator asked about whether the witness was familiar with a signature. This is not prohibited in a discovery deposition. Indeed, depending on the answer, that witness could properly testify. This overly broad motion should be best addressed if any issues arise at trial.

As set forth above, GardaWorld's motion almost entirely raises matters that should be addressed at trial if any issues arise.

This 18th day of June, 2024.

|  |  |
|---|---|
|  | **CLARK, SMITH & SIZEMORE, LLC**<br>**BY:** |
| 150 College Street<br>Macon, Georgia 31201<br>Telephone: (478) 254-5040<br>Facsimile: (478) 254-5041<br>chris@clarksmithsizemore.com<br>rick@clarksmithsizemore.com | */s/ John Christopher Clark*<br>John Christopher Clark<br>Georgia Bar No. 127353<br>Richard L. Sizemore<br>Georgia Bar No. 649449 |
|  | **BAYUK PRATT, LLC**<br>**BY:** |
| 4401 Northside Parkway, Suite 390<br>Atlanta, Georgia  30327<br>Telephone: (404) 500-2669<br>Facsimile: (404) 255-2019<br>frank@bayukpratt.com<br>bradley@bayukpratt.com | */s/ Frank T. Bayuk*<br>Frank T. Bayuk<br>Georgia Bar No. 142596<br>Bradley W. Pratt<br>Georgia Bar No. 586672 |
|  | **GRIFFIN DURHAM TANNER &**<br>**CLARKSON, LLC** |

|  |  |
|---|---|
| 5400 Riverside Drive, Suite 205<br>Macon, Georgia  31210<br>Telephone: (478) 910-2559<br>cbyrd@griffindurham.com<br>tclarkson@griffindurham.com<br>jvanwhy@griffindurhma.com | **BY:**<br><br>*/s/ Charles W. Byrd*<br>Charles W. Byrd<br>Georgia Bar No. 100850<br>J. Thomas Clarkson<br>Georgia Bar No. 656069<br>John J Van Why<br>Georgia Bar No. 814951 |
|  | **ELLIS PAINTER**<br>**BY:** |
| P. O. Box 9946<br>Savannah, Georgia 31412<br>Telephone: (912) 233-9700<br>pedigo@ellispainter.com | */s/ Jason C. Pedigo*<br>Jason C. Pedigo<br>Georgia Bar No. 140989 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel. JUSTIN FAHN,** | **CIVIL ACTION FILE NO. 5:20-CV-00128-MTT** |
| **Plaintiffs,** | |
| vs. | |
| **AEGIS DEFENSE SERVICES, LLC,** | |
| **Defendant.** | |

### CERTIFICATE OF SERVICE

This certifies that I have this day served a copy of the within and foregoing **RELATOR'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE NO. 4** upon all counsel of record by statutory electronic mail, as follows:

Mr. Bradley W. Pratt
Mr. Frank T. Bayuk
Bayuk Pratt, LLC
4401 Northside Parkway, Suite 390
Atlanta, Georgia  30327
*Attorneys for Relator*

Mr. Charles W. Byrd
Mr. J. Thomas Clarkson
Griffin Durham Tanner &
Clarkson, LLC
5400 Riverside Drive, Suite 205
Macon, Georgia  31210
*Attorneys for Relator*

Mr. Bowen R. Shoemaker
Mr. Todd P. Swanson
Mr. W. Taylor McNeill
United States Attorney's Office
P. O. Box 1702
Macon, Georgia  31202
*Attorneys for United States
of America, ex rel.*

Mr. Jason C. Pedigo
Ellis Painter
P. O. Box 9946
Savannah, Georgia  31412
*Attorney for Relator*

Ms. Tara Lee
Mr. Scott Lerner
Mr. Zachary I. Williams
Mr. Benedict S. Bernstein
Ms. Helin Akcam
Ms. Melissa Taylormoore
White & Case LLP
701 13th Street, NW
Washington, DC  20005
*Attorneys for Defendant AEGIS Defense
Services, LLC*

Ms. Susan L. Grace
Mr. Charles D'Oria
White & Case, LLP
1221 Avenue of the Americas
New York, New York  10020
*Attorney for Defendant
AEGIC Defense Services, LLC*

Page **7** of **8**

This 18th day of June, 2024.

|  |  |
|---|---|
|  | **CLARK, SMITH & SIZEMORE, LLC**<br>**BY:** |
|  | /s/ *John Christopher Clark* |
| 150 College Street | John Christopher Clark |
| Macon, Georgia 31201 | Georgia Bar No. 127353 |
| Telephone: (478) 254-5040 | Richard L. Sizemore |
| Facsimile: (478) 254-5041 | Georgia Bar No. 649449 |
| chris@clarksmithsizemore.com | ***Attorneys for Relator*** |
| rick@clarksmithsizemore.com |  |